IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-cr-30056-MJR |
| ) | |
| JAMES GARRETT, III, ) | |
| ) | |
| Defendant. ) | |

## ORDER REGARDING CORRESPONDENCE FROM DEFENDANT

REAGAN, District Judge:

In September 2003, this Court sentenced Defendant James Garrett on narcotics and firearm charges. While serving the supervised release term of that sentence, Garrett was arrested on a petition to revoke his supervised release. He appeared before Magistrate Judge Stephen C. Williams on June 5, 2012, was appointed counsel (attorney Tom Gabel), and was set for a final revocation hearing before the undersigned District Judge June 12, 2012. That hearing was continued to July 12, 2012 on the Government's motion.

On June 25, 2012, the Clerk's Office of this Court received a letter from Mr. Garrett directly addressed to the undersigned Judge. The letter asserts arguments as to why Garrett should be allowed to remain on supervised release (e.g., his first son was born June 21st, and Garrett's family needs him). Additionally, although polite in tone, the letter strongly takes issue with the procedures followed by the Probation Office in connection with the revocation petition. The Court cannot directly respond to Garrett's questions or contentions.

Direct contact with a Judge by a party to a case (including a Defendant in a criminal case) is not proper for several reasons. For one thing, the rules which govern federal judges *forbid* the judge presiding on a case from considering any "ex parte communications," which means communication from one party (like Mr. Garrett) without notice to the opposing party (like the Government). Additionally, letters sent to the Court are not confidential and not privileged. This means that they can be placed in the public file for all to see, shared with other parties in the case, and sometimes used against the Defendant.

The Clerk's Office shall scan and docket Garrett's correspondence as a letter (not a motion). The Court leaves it to defense counsel to respond to the questions raised in the letter and explain the revocation proceedings to Mr. Garrett. The revocation hearing remains set at 1:30 pm on July 12, 2012. A copy of this Order will be sent to Defendant Garrett at the address provided on his envelope (at the Perry County Jail).

IT IS SO ORDERED.

DATED June 27, 2012.

s/ Michael J. Reagan  
Michael J. Reagan  
United States District Judge